THE STATE OF OHIO v. WILLIS.

(No. 385554—Decided October 16, 1972.)

Municipal Court of Akron.

*Mr. Bruce Lane,* city prosecutor, and *Mr. Joseph Kodish,* for plaintiff.

*Mr. Edwin L. Parms* and *Mr. James R. Williams,* for defendant.

COLOPY, J. This hearing came upon a motion filed by defendant to quash the venire based upon an objection to the manner of selection of the entire panel summoned.

It was stipulated by the parties that: (1) The list or voter poll sheet from which the present veniremen were selected dated from the year 1970. (2) That the subject list did not contain the names of 18, 19, or 20 year old electors. (3) That 18, 19, and 20 year old electors have voted within this court's jurisdiction in September, 1971, November, 1971, and May, 1972, and that a list of these names is available.

Defendant alleges that Article III and the VI and XIV Amendments of the U. S. Constitution guarantee to defendant a trial by an impartial jury; that the Ohio Constitution, Article I, Section 10, and R. C. 2945.24 and 2313.06 mandate this right of impartial jury; and that a venire source which does not contain the names of 18, 19, and 20 year old electors is a denial of this right.

The court finds that from the stipulations of the par-

ties and judicial notice of the laws and Articles of the Ohio Constitution, that:

1. Defendant is entitled to a trial by an impartial jury. Ohio Constitution, Article I, Section 10, R. C. 1901.25; R. C. 2945.24; Rules of The Akron Municipal Court, Rule 25.

2. The names of persons called for this jury service were from a source which did not contain the names and addresses of 18, 19 and 20 year old electors of this court's jurisdiction. This group of electors was excluded as a source from which this prospective jury was chosen. Therefore, the poll list did not contain the names of all electors as required by R. C. 2313.06.

3. The 18, 19 and 20 year old electors have voted in three previous elections at the time of the hearing of this motion.

A fundamental objective of a fair jury system is that no person or class of persons be denied the right to serve on a jury because of status of race, religion, sex or age so long as they are competent. This objective is not possible where discrimination is practiced purposefully or inadvertently by excluding a group or class of ostensibly eligible prospective jurors.

To maintain this fair and impartial jury system it is necessary that in the initial selection process, the sources be representative of a fair cross-section of the community in so far as this is reasonably attainable. *Swain* v. *Alabama* (1965), 380 U. S. 202. This does not mean that a particular jury panel must be shown to be a representative group from the community, but that the original sources from which the prospective jurors were taken or called be a fair representation of the community. The defendant may not challenge these particular prospective jurors as such, but he may and has challenged the manner of the selection of the names which resulted in this jury panel.

It is not necessary that the defendant prove that he has actually been prejudiced by the discriminatory selection of these prospective jurors. Such actual prejudice

is difficult if not impossible to prove. *Fay* v. *New York* (1947), 332 U. S. 261, 330 (dissent).

The defendant's constitutional objection is to the manner of selection of the prospective jury panel. *Pinkney* v. *U. S.* (5th Cir., 1967), 380 F. 2d 882.

The requirement of proof of actual prejudice to permit this defendant standing to challenge this jury array will not be permitted.

The undisputed fact that a certain age group of otherwise competent electors has been excluded as a group or class from the juror selection process does in and of itself establish grounds by clear and convincing evidence from which this court makes this finding.

The court finds that the present panel of prospective jurors is not legally constituted since it is drawn from a source which is not a fair and impartial representation of this community.

*Motion granted.*